```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>LAMONT ROLLE,<br><br>                    Defendant. | 14-CR-4 (LAP)<br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Lamont Rolle's motion for a sentence reduction, dated February 5, 2024. (See dkt. no. 50 [the "Motion"].)[1] On March 9, 2024, the Government filed a memorandum opposing Defendant's Motion. (See dkt. no. 52 [the "Opposition"].) Defendant responded with letters on May 10, 2024, (see dkt. no. 53) and January 27, 2025, (see dkt. no. 54). For the reasons set forth below, the Court grants Defendant's Motion.

I. **Background**

On January 9, 2014, an Indictment was filed, charging Defendant with one count of conspiring to commit a robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 ("Count One"), one count of committing a robbery affecting interstate commerce robberies affecting interstate commerce in violation of 18 U.S.C. § 1951 ("Count Two"), and one count of

---

[1] This Court does not construe Defendant's Motion as a motion for compassionate release. As such, this Court will only examine Defendant's Motion under 18 U.S.C. § 3582(c)(2).

1

brandishing a firearm in relation to the robbery in Count Two in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Three"). (See dkt. no. 1.)  On June 26, 2014, a jury found Defendant guilty on Counts One and Two and acquitted him on Count Three. (See dkt. no. 35, 136:10-22.)  A pre-sentencing report ("PSR") calculated, using the United States Sentencing Guidelines (the "Guidelines"), that Defendant's total offense level was 27 and he had 13 criminal history points, which put him in criminal history category VI. (See dkt. no. 49.)  The last two criminal history points were added because he committed these crimes while on parole. (See id. at 2.)  This resulted in a Guidelines range of 130-162 months' imprisonment. (See id. at 3.)

On November 17, 2014, this Court sentenced Defendant. (See dkt. no. 44 ["Sent. Tr."].)  The Court accepted the Guidelines calculation and range set forth in the PSR. (See id. at 9:1-20.)  As such, the Court sentenced Defendant to 162 months' imprisonment. (See id. at 18:6-8.)

## II. Applicable Law

On November 1, 2023, Amendment 821 of the Guidelines went into effect. See United States v. Burton, No. 20 Cr. 397 (PGG), 2024 WL 4728491, at *1 (S.D.N.Y. Nov. 8, 2024).  These Guidelines apply retroactively and change the calculation of criminal history points added for defendants who commit an offense "while under any criminal justice sentence, including probation, parole, supervised

release, imprisonment, work release, or escape status." Id. Prior to Amendment 821, courts were to add "2 [criminal history] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021 ed.). With the amendment, only a single criminal history point is added if Section 4A1.1(e) applies. U.S.S.G. § 4A1.1(e) (2023 ed.). Notably, Section 4A1.1 was amended to apply only to defendants with at least seven criminal history points who commit an offense "while under any criminal justice sentence." Id.

Section 3582(c)(2) permits the Court to reduce a defendant's term of imprisonment if the defendant's sentencing range under the Guidelines has been lowered by the Sentencing Commission since the date of the defendant's sentencing. See 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry" that the Court must follow to determine whether a sentence reduction is appropriate. Dillon v. United States, 560 U.S. 817, 826 (2010). First, the Court must determine whether "the defendant in question is eligible for a reduction in sentence, which requires that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission—namely, § 1B1.10." United States v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (emphasis in original) (internal quotations and citation

3

omitted). If a defendant is found to be eligible for a sentence reduction, then the Court must consider the factors set forth in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 826. Factors considered are inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed" to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

### III. Discussion

Defendant contends his sentence should be reduced in light of Amendment 821. As set forth below, the Court finds that Defendant is eligible for a sentence reduction and the Section 3553(a) factors warrant one.

#### a. Eligibility

Defendant is eligible for a reduction pursuant to Section 3582(c)(2) because his Guidelines range has been lowered as a result of an amendment to the Guidelines. See U.S.S.G. § 1B1.10. At sentencing, Defendant's offense level of 27 and criminal history category of VI resulted in a Guidelines range of 130-162 months' imprisonment. See U.S.S.G. § 5(A). Considering Amendment 821, Defendant would have only received one, rather than two, criminal history points for committing his offense while on parole. See U.S.S.G. § 4A1.1(e) (2023 ed.). With those changes,

4

Defendant would have fallen into criminal history category V, resulting in a recommended Guidelines range of 120-150 months' imprisonment.  See U.S.S.G. § 5(A).  Accordingly, under step one of the analysis, Defendant is eligible for a sentence reduction because Amendment 821 lowered his applicable Guidelines range.

### b. Whether Reduction is Warranted Under Section 3553(a)

Having considered the factors set forth in Section 3553(a), the reduction of Defendant's sentence is warranted.

First, the Court acknowledges the serious "nature and circumstances of the offense."  18 U.S.C. § 3553(a).  Defendant "broke into his former girlfriend's home, and 'dragged [the victim]'—his former girlfriend's roommate—'from her bed at gunpoint, tied her up with duct tape, and pistol-whipped and savagely beat her until she divulged where she hid the proceeds of her prostitution business.'"  (Opposition at 3 (citation omitted).)  At sentencing, the Court noted Defendant's past crimes "were for similar matters, use of a weapon or possession of a weapon, but most importantly, the attack or the attempted attack on a woman."  (Sent. Tr. at 16:10-15.)  Recognizing that Defendant needed "a lengthy period of incarceration," this Court imposed the 162-month sentence.  (Id. at 16:18-19.)

However, the Section 3553(a) factors warrant a sentence reduction.  Section 3553(a) requires the Court to consider the need for a sentence "to reflect the seriousness of the offense."

5

18 U.S.C. § 3553(a). Reducing Defendant's sentence to 150 months' imprisonment, a sentence at the top of the amended Guidelines range, still accounts for "seriousness of the offense." (Sent. Tr. at 16:20.) Not only is a sentence of 150 months' imprisonment near the top of Defendant's original Guidelines range, but Defendant has already served over 90% of his original sentence.

A reduced sentence still "afford[s] adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). In light of the fact that Defendant has served over 90% of his original sentence, he has a son at home who needs additional care, he has a job with a cleaning service waiting for him upon release, and he is 45 years old, the need for individual deterrence is not great because the likelihood of recidivism is diminished. See United States v. Scott, 239 F. Supp. 3d 629, 635 (E.D.N.Y. 2017) ("[Defendant's] strong family support and good job prospects make recidivism unlikely."); United States v. Piggott, Ni. 94 Cr. 417, 2022 WL 118632, at *3 (S.D.N.Y. Jan 12, 2020) ("It is also well-established that recidivism decreases significantly with age."). A reduced sentence is sufficient, but not greater than necessary for Defendant.

## IV. Conclusion

For the aforementioned reasons, Defendant's Motion is GRANTED, and his sentence shall be reduced to 150 months' imprisonment. If this revised sentence results in Defendant's

6

immediate release, the Bureau of Prisons shall do so no later than one week from this date.

The Clerk of the Court is directed to close dkt. no. 50 and mail a copy of this Order to Defendant.

**SO ORDERED**.

Dated:     April 14, 2025
           New York, New York

                                   *Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge